UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODORE FACTORS CORP.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>RICHARD COCHERL and JANICE COCHERL,<br><br>　　　　　Defendants. | Civil Action No.07-cv-3433 (TBG)<br><br>**AMENDED ANSWER<br>AND CROSS-CLAIM** |

　　　　Defendant Janice Cocherl, (hereinafter referred to as "Defendant"), by and through her attorneys, Genova, Burns & Vernoia, by way of Amended Answer to the Complaint hereby states as follows:

　　　　1.　　Defendant denies the allegations set forth in Paragraph 1 of the Complaint as alleged against her, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 of the Complaint.

### AS TO PARTIES, JURISDICTION & VENUE

　　　　2.　　Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

　　　　3.　　Defendant admits the allegations set forth in Paragraph 3 of the Complaint.

　　　　4.　　Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

　　　　5.　　Defendant offers no reply to the allegations contained in Paragraph 5 of the Complaint as they constitute conclusions of law rather than averments of fact; however, to the extent such allegations are deemed allegations of fact, Defendant denies such allegations.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint in that said allegations are not directed against this Defendant.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint in that said allegations are not directed against this Defendant.

## AS TO FIRST CAUSE OF ACTION
## AGAINST DEFENDANT RICHARD COCHERL

8. Defendant repeats, reiterates and reasserts her responses contained in Paragraphs 1 through 7 of the Complaint as if set forth at length herein.

9. Defendant neither admits nor denies the allegations contained in Paragraph 9 of the Complaint in that same are not directed against this Defendant.

10. Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

## AS TO SECOND CAUSE OF ACTION
## AGAINST DEFENDANT JANICE COCHERL

11. Defendant repeats, reiterates and reasserts her responses to the allegations contained in Paragraphs 1 through 10 of the Complaint as if set forth at length herein.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

**WHEREFORE,** Defendant Janice Cocherl demands dismissal of the Complaint, with prejudice, together with costs, fees, disbursements and such other relief as the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, due to fraud and illegality.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by operation of the law of equitable estoppel/promissory estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff suffered no loss or damages by reason of any act or omission of this Defendant.

## TENTH AFFIRMATIVE DEFENSE

There was no legal duty owed to Plaintiff by this Defendant. In the alternative, if such a duty is found to exist, there was no breach thereof by this Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the want of or failure of consideration.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the Plaintiff's failure to mitigate damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant took no actions which violate or could reasonably be believed to violate any rule, regulation, statute, court rule or the public policy of the State of New York or the United States of America.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant did not breach any contract or agreement between the parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery insomuch as any loss or damage allegedly sustained by Plaintiff was caused by the actions and/or omission of the Plaintiff itself.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint does not state a viable cause of action that permits recovery of attorney's fees and costs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

All actions taken by this Defendant were authorized by law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant denies being indebted to Plaintiff for any sum whatsoever.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery insofar as the agreement which forms the basis of Plaintiff's claims constitutes a contract of adhesion.

### TWENTIETH AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiff were a result of the actions of persons over whom this Defendant exercised no authority or control.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The signature, purportedly that of this Defendant, which appears on the instrument sued on, is not the authorized signature of this Defendant. In fact, the signature was made in without this Defendant's knowledge and consent and consequently, this Defendant is not obligated by the terms of the instrument.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant reserves the right to amend her Answer and/or assert additional affirmative defenses in avoidance of matters as additional discovery and investigation may reveal.

**WHEREFORE**, Defendant Janice Cocherl demands dismissal of the Complaint, with prejudice, together with costs, fees, disbursements and such other and further relief as the Court deems just.

### CROSS-CLAIM FOR INDEMNIFICATION AND CONTRIBUTION AGAINST DEFENDANT RICHARD COCHERL

Defendant, Janice Cocherl (hereinafter referred to as "Defendant/Crossclaimant") by way of Crossclaim against co-Defendant Richard Cocherl, alleges and says:

## FIRST COUNT

1. While denying that this Defendant is in any way obligated and liable for the claims of relief asserted against her in Plaintiff's Complaint, Defendant Janice Cocherl alleges any obligation imposed upon her is more properly asserted against Defendant Richard Cocherl against whom this claim is asserted.

**WHEREFORE**, Defendant/Crossclaimant demands judgment for indemnification of co-Defendant Richard Cocherl and awarding attorneys' fees, interest and costs of suit.

## SECOND COUNT

2. Defendant/Crossclaimant repeats and incorporates herein by reference the allegations contained in Paragraph 1 of the First Count of the Crossclaim as if set forth herein at length.

3. While denying that this Defendant is in any way obligated and liable for the claims and relief asserted against her in Plaintiff's Complaint, if Defendant/Crossclaimant is found to have been at fault, Defendant/Crossclaimant asserts rights of common law indemnification against co-Defendant Richard Cocherl on the grounds that Defendant/Crossclaimant's fault, if any, can only be secondary, vicarious and passive while co-Defendant's fault was primary, directly and active.

**WHEREFORE**, Defendant/Crossclaimant demands judgment for contribution from the co-Defendant Richard Cocherl and awarding attorneys' fees, interest and costs of suit.

DATED:   August 27, 2007
         Livingston, New Jersey

                                         **GENOVA, BURNS & VERNOIA**
                                         Attorneys for Defendant, Janice Cocherl

                                         By: _____
                                              Dina M. Mastellone (DM6946)

2289\001\Pleadings\Amend ANS-CrossClm.Final.doc