UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
COMMODORE FACTORS CORP.,

        Plaintiff,

-against-

RICHARD COCHERL and JANICE COCHERL,

        Defendants/Third-Party Plaintiffs,

-against-

SCOTT GINS and ANGELA GINS,

        Third-Party Defendants.
------------------------------------------------X

Index No.:
07-CV-3433 (TPG)

**ANSWER and**
**COUNTERCLAIM**

        Third-Party Defendants, **SCOTT GINS** and **ANGELA GINS**, by and through their attorneys, The Law Offices of David M. Schreier, as and for their Answer and Counterclaim to the Third-Party Complaint, alleges as follows:

### AS TO THE FACTS COMMON TO ALL COUNTS

    1. Admits the allegations set forth in Paragraph "1" of the Third-Party Complaint and respectfully begs leave to refer to the original of the Complaint for the terms thereof.

    2. Admits the allegations set forth in Paragraph "2" of the Third-Party Complaint.

    3. The allegations set forth in Paragraph "3" of the

contains legal conclusions which are improper and therefore require no response.

4. Denies the allegations set forth in Paragraph "4" of the Third-Party Complaint.

5. Admits the allegations set forth in Paragraph "5" of the Third-Party Complaint.

### AS TO COUNT ONE (BREACH OF CONTRACT)

6. Denies the allegations set forth in Paragraph "6" of the Third-Party Complaint, and aver that Defendants **RICHARD COCHERL** and **JANICE COCHERL** have breached the terms of the Factoring Agreement and Guarantee, and respectfully beg leave to refer to the originals thereof for the terms thereof.

7. Denies the allegations set forth in Paragraph "7" of the Third-Party Complaint.

8. Denies the allegations set forth in Paragraph "8" of the Third-Party Complaint.

## AS TO SECOND COUNT (UNJUST ENRICHMENT)

9. As and for their Answer to Paragraph "9" of the Third-Party Complaint, Third-Party Defendants repeat and reallege the allegations set forth in Paragraphs "1" through "8" herein as if fully set forth at length hereat.

10. Denies the allegations set forth in Paragraph "10" of the Third-Party Complaint.

11. The allegations set forth in Paragraph "11" of the Third-Party Complaint contain legal conclusions which are improper and therefore require no response.

## AS TO COUNT THREE (UNAUTHORIZED/NEGLIGENT CONDUCT)

12. As and for their Answer to Paragraph "12" of the Third-Party Complaint, Third-Party Defendants repeat and reallege the allegations set forth in Paragraphs "1" through "11" herein as if fully set forth at length hereat.

13. Denies the allegations set forth in Paragraph "13" of the Third-Party Complaint.

14. Denies the allegations set forth in Paragraph "14" of the Third-Party Complaint, and aver that Third-Party Defendant **RICHARD COCHERL** knew that $265,000.00 was being requested from Plaintiff **COMMODORE FACTORS CORP. ("COMMODORE")** in February 2006, as demonstrated by a letter signed by Third-Party Plaintiff **RICHARD COCHERL** dated February 1, 2006, a copy of which is annexed as Exhibit "A".

15. Denies the allegations set forth in Paragraph "15" of the Third-Party Complaint, and aver that **RICHARD COCHERL** consented and approved of the request for the $265,000.00 from **COMMODORE**, which request was made by **JAN R., INC. ("JAN R.")**.

## AS TO COUNT FOUR (JOINT LIABILITY)

16. As and for their Answer to Paragraph "16" of the Third-Party Complaint, Third-Party Defendants repeat and reallege the allegations set forth in Paragraphs "1" through "15" herein as if fully set forth at length hereat.

17. Denies the allegations set forth in Paragraph "17" of the Third-Party Complaint.

4

18. Denies the allegations set forth in Paragraph "18" of the Third-Party Complaint.

19. Denies the allegations set forth in Paragraph "19" of the Third-Party Complaint.

**ALLEGATIONS APPLICABLE TO ALL AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

20. Upon information and belief, and at all times hereinafter mentioned, **JAN R.** is a corporation organized and existing under the State of New Jersey with its principal place of business in the State of New Jersey and was authorized to do business in the State of New York, with an office located at 1385 Broadway in the City, County and State of New York.

21. Upon information and belief, at all material times hereinafter mentioned, **RICHARD COCHERL** was the Chairman of **JAN R.**

22. Upon information and belief, at all material times hereinafter mentioned, **RICHARD COCHERL** was the Chief Executive Officer of **JAN R.**

23. Upon information and belief, at all material times hereinafter mentioned, **RICHARD COCHERL** was the President of **JAN R.**

24. Upon information and belief, at all material times hereinafter mentioned, **RICHARD COCHERL** was the sole Shareholder of **JAN R.**

25. Upon information and belief, at all material times hereinafter mentioned, **RICHARD COCHERL** owned more that 50% of the **JAN R.** stock.

26. Upon information and belief, at all material times hereinafter mentioned, as a result of his position as Shareholder, Director and Officer of **JAN R.**, **RICHARD COCHERL** was able to direct the business of **JAN R.**

27. Upon information and belief, at all material times hereinafter mentioned, as a result of his position as Shareholder, Director and Officer of **JAN R.**, **RICHARD COCHERL** was able to direct the management of **JAN R.**

28. Upon information and belief, at all material times hereinafter mentioned, as a result of his position as Shareholder, Director and Officer of **JAN R.**, **RICHARD COCHERL** had a direct financial interest in the business of **JAN R.**

29. Upon information and belief, at all material times hereinafter mentioned, as a result of his position as Shareholder, Director and Officer of **JAN R.**, **RICHARD COCHERL** was the alter ego of **JAN R.**

30. In or about June 2005, **RICHARD COCHERL** requested that **SCOTT GINS** loan $35,000.00 to **JAN R.** so that merchandise could be purchased from a company known as Bonici Fashions, Inc.

31. In accordance with the request of **RICHARD COCHERL**, **SCOTT GINS** sent $35,000.00 to Bonici Fashions, Inc. so that **JAN R.** could merchandise from that company so that **JAN R.** could continue its operations.

32. In or about November 2005, Third-Party Plaintiff **RICHARD COCHERL** requested that Third-Party Defendant **SCOTT GINS** loan additional money to **JAN R.** so that **JAN R.** could continue its operations.

33. In accordance with the request made by **RICHARD CONCHERL**, **SCOTT GINS** instructed his bank, Valley National Bank, to send $141,000.00 into a bank account controlled by **RICHARD COCHERL** which was in the name of **JAN R.**  A copy of the Funds Transfer

7

notification from Valley National Bank dated December 2, 2005 is annexed as Exhibit "B".

34. Upon information and belief, **RICHARD COCHERL** signed the Factoring Agreement with **COMMODORE** and has capacity as the president of **COMMODORE**.

35. Upon information and belief, **RICHARD COCHERL** and **JANICE COCHERL** executed a guarantee of the obligations of **JAN R.** to **COMMODORE**, a copy of which is annexed as Exhibit "B" to the Complaint.

36. Since June 2006, after **COMMODORE** commenced the action against **RICHARD COCHERL** and **JANCIE COCHERL, SCOTT GINS** and **ANGELA GINS** have paid to **COMMODORE** the sum of $160,000.00 against the monies due **COMMODORE** from **JAN R.**

37. Since **COMMODORE** commenced the action, Defendants/Third-Party Plaintiffs have not paid any monies to **COMMODORE**.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

38.     The Third-Party Plaintiff **RICHARD COCHERL** comes to this Court with unclean hands.

39.     Based upon all the foregoing, the Third-Party Complaint should be dismissed in all respects.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

40.     The Third-Party Plaintiff **RICHARD COCHERL** has breached the statutory duty of good faith and fair dealing with respect to **SCOTT GINS** and **ANGELA GINS**.

41.     Based upon all the foregoing, the Third-Party Complaint should be dismissed in its entirety.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

42.     The Third-Party Plaintiff **RICHARD COCHERL** has breached the common law duty of good faith and fair dealing with respect to **SCOTT GINS** and **ANGELA GINS**.

43. Based upon all the foregoing, the Third-Party Complaint should be dismissed in its entirety.

### AS AND FOR A FIRST COUNTERCLAIM

44. Insofar as **SCOTT GINS** and **ANGELA GINS** have paid to **COMMODORE** the sum of $160,000.00 towards the obligations of **JAN R.** to **COMMODORE**, the Third-Party Defendants are entitled to a judgment against **RICHARD COCHERL** and **JANICE COCHERL** in the sum of one half of any monies **SCOTT GINS** and **ANGELA GINS** have paid to **COMMODORE** against the obligations of **JAN R.** to **COMMODORE**.

45. Based upon all the foregoing, **SCOTT GINS** and **ANGELA GINS** respectfully request a judgment against **RICHARD COCHERL** and **JANICE COCHERL** in the sum of $80,000.00, together with 50% of the total remaining monies due **COMMODORE**, plus interest accrued and accruing.

### AS AND FOR A SECOND COUNTERCLAIM

46. As a result of the loan made by **SCOTT GINS** and **ANGELA GINS** to **JAN R.** in the sum of $141,000.00 as reflected on the Funds Transfer notification (a copy of which is annexed as Exhibit "A"), **RICHARD COCHERL** is indebted to **SCOTT GINS** and **ANGELA GINS** in

the sum of $141,000.00, together with interest accrued and accruing from December 2, 2005.

47. Based upon all the foregoing, **SCOTT GINS** and **ANGELA GINS** respectfully request a judgment against **RICHARD COCHERL** in the sum of $141,000.00, together with interest accrued and accruing from December 2, 2005.

### AS AND FOR A THIRD COUNTERCLAIM

48. As a result of the request from **RICHARD COCHERL** to **SCOTT GINS**, **SCOTT GINS** and **ANGELA GINS** sent $35,000.00 to Bonici Fashions, Inc. on June 17, 2005.

49. Based upon all the foregoing, **SCOTT GINS** and **ANGELA GINS** are entitled to a judgment against **RICHARD COCHERL** in the sum of $35,000.00, together with interest accrued and accruing from June 17, 2005.

WHEREFORE, **SCOTT GINS** and **ANGELA GINS** request a judgment of this Court dismissing the Third-Party Complaint in its entirety and (a) a Judgment on the First Counterclaim against **RICHARD COCHERL** in the sum of $80,000.00 together with interest accrued and accruing from June 2006 to the present date and a Judgment against

11

**RICHARD COCHERL** for 50% of the total remaining monies due **COMMODORE**, together with interest accrued and accruing; (b) a Judgement on the Second Counterclaim against **RICHARD COCHERL** in the sum of $141,000.00 together with interest accrued and accruing from December 2, 2005 to the present date; (c) a Judgment against **RICHARD COCHERL** on the Third Counterclaim in the sum of $35,000.00 together with interest accrued and accruing from June 17, 2005 to the present date; and (d) together with such other, further, and different relief as to this Court may deem just and proper.

Dated:   New York, New York
         January 11, 2008

                                    Yours, etc.,

                                    THE LAW OFFICES OF
                                    DAVID M. SCHREIER

                                    By: _____
                                    David M. Schreier (DS 2112)
                                    Attorneys for Third-Party
                                    Defendant SCOTT GINS
                                    and ANGELA GINS
                                    240 Madison Avenue, 8th Floor
                                    New York, New York 10016
                                    212-889-0686

TO:  Stein, McGuire, Panteges
     & Gigl, LLP
     Attorneys for Defendant and
     Third-Party Plaintiff
     RICHARD COCHERL
     P.O. Box 460
     354 Eisenhower Parkway
     Suite 2500
     Livingston, New Jersey 07039
     973-992-1100

Genova, Burns & Vernoia
Attorneys for Defendant
JANICE COCHERL
Eisenhower Plaza
354 Eisenhower Parkway
Livingston New Jersey 07039-1023
973-535-0777

Lazarus & Lazarus
Attorneys for Plaintiff
COMMODORE FACTORS CORP.
240 Madison Avenue, 8th Floor
New York, New York 10016
212-889-7400

ANSWERS\GINS.J08

13