```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------X
BENTLEY MAYS, as Administrator of the
Estate of REGINA RENEE MAYS, deceased,         Index No.: 4982/05
BENTLEY MAYS, BENTLEY MAYS, as Proposed
Administrator of the Estate of CHRISTOPHER
MAYS, deceased, KYLE MAYS and BENTLEY
MAYS, JR., individually,

                    Plaintiffs,

     - against -
                                               AFFIDAVIT
NORTH SHORE UNIVERSITY HOSPITAL AT             IN SUPPORT OF
MANHASSET, SHERON LATCHA, M.D.,                APPLICATION FOR
DANA R. LUSTBADER, M.D., NORTH SHORE           JUDICIAL APPROVAL OF
LONG ISLAND JEWISH HEALTH SYSTEM,              SETTLEMENT AND
NORTH SHORE HOME CARE, MARIE PRICE,R.N.,       RELATED RELIEF
SETLIDZ SAINT-LOUIS, R.N., and
GILDHARRY DINANATHSINGH, R.N.,

                    Defendants.
-------------------------------------X

STATE OF NEW YORK    )
                     )SS:
COUNTY OF NEW YORK   )
```

BENTLEY MAYS, being duly sworn, deposes and says:

1. I currently reside at 162 Laurel Street, Roslyn Heights, New York 11577. I am the Administrator of the Estate of REGINA RENEE MAYS ("Regina"). Limited Letters of Administration were issued to me on August 14, 2003. Regina was my wife. Annexed hereto as Exhibit "A" is a copy of the Limited Letters of Administration. I make this Affidavit in support of the application for an Order of Compromise of Wrongful Death Action.

2. Regina died on June 19, 2003. Prior to her death

Regina resided at 162 Laurel Street, Roslyn Heights, New York 11577. Regina had three children: Bentley Mays, Jr., date of birth September 27, 1982, Kyle Mays, date of birth December 18, 1991; and ( c) Christopher Mays, date of birth March 20, 1988 (date of death June 1, 2007).

3. The injuries that resulted in the Regina's death were sustained during a continuous course of treatment beginning on or about June 3, 2003 and continued through June 19, 2003. Our contention was that: NSUH failed to place the Regina within an appropriate scheme of care which should have included a timely, appropriate and ongoing assessment of the
Regina's wound, abdomen, vital signs, temperature and overall condition on each and every occasion NSUH failed to timely and appropriately diagnose and treat Regina's wound infection, dialysis catheter infection, peritonitis, sepsis, septic shock, fluid and electrolyte imbalance, cardiopulmonary arrest as well as provide timely and appropriate treatment including culture and sensitivity, directed antibiotic therapy as well as treatment with appropriate fluid and electrolytes, performance of diagnostic studies including culture and sensitivities of blood, peritoneal fluid, dialysate and peritoneal catheter and urine. NSUH failed to timely and appropriately perform diagnostic studies including plain X-ray, MRI and/or sonogram. NSUH should have included monitoring the Regina in

the hospital until such time as a determination was made that she was medically stable such that her care could be appropriately placed within the hands of a home care provider. Furthermore, the standard of medical care required that peritonitis, sepsis and/or septic shock be treated within an acute care setting in order to prevent the progression to cardiopulmonary arrest and death. NSUH should have, but failed to communicate on a timely and appropriate basis with the Regina's other health care providers. The standard of care required that NSUH be cognizant of the signs and symptoms of an acute abdomen, sepsis, septic shock, peritonitis and the need for acute care in a hospital setting. Good and accepted medical practices required that NSUH be cognizant of signs and symptoms consistent with infection, sepsis, septic shock, acute abdomen, peritonitis including, wound drainage, hypotension, pain and weakness and to report same to those individuals that possessed the requisite skill, knowledge, training, experience and expertise to have managed Regina.

As a result of the alleged negligence, Regina suffered the following injuries: wound infection, sepsis, abdominal sepsis, peritonitis, hypotension, metabolic acidosis, respiratory failure, endotracheal intubation, thrombocytopenia requiring transfusion with blood and blood products including all of the risks associated with such therapies, multiorgseptic shock and all of the sequellae

therefrom, severe and irreparable conscious pain and suffering and her untimely demise.

4. I am aware of, and participated in, settlement negotiations with the attorney for defendant NSUH. A final offer was made to settle the entire action, for the sum of THREE HUNDRED FORTY THOUSAND ($340,000.00) DOLLARS. I believe that the offer of $340,000.00 should be approved by this Court.

5. I have been advised that The Law Offices of David M. Schreier has incurred the total sum of $25,180.05 for its costs and disbursements in connection with the prosecution of this case.

6. Accordingly, $340,000.00 less the attorney expenses leaves a net balance of $314,819.95. Therefore, based on a sliding scale of the net recovery, a legal fee of $91,204.99 to the Law Offices of David M. Schreier should be approved.

7. I am aware that the balance of $223,614.96 should be distributed to the decedent's distributees pursuant to the <u>Kaiser</u> formula and EPTL §5-4.1., as follows:

    BENTLEY MAYS   -   66.42%
    BENTLEY MAYS, JR.   -   1.33%

       KYLE MAYS               -      20.93%

       THE ESTATE OF
       CHRISTOPHER MAYS    -      11.32%

8. Decedent's funeral bill in the sum of $9,847.00 has been paid in full by me. No reimbursement is sought. There are no medical bills or hospital bills outstanding. There are no liens, claims assignments or encumbrances against decedent, decedent's estate or the proceeds of the settlement.

9. No prior application has been made for the relief requested herein.

WHEREFORE, it is respectfully requested that this Application for the relief requested herein be granted in all respects and that this Court grants such other and further relief as to the Court may seem just, proper and equitable.

                                                        Bentley Mays

Sworn to before me this
    day of January, 2008

_____
   Notary Public

5